IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-268-BO

| | |
|---|---|
| JOSEPH EVON STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WASTE INDUSTRIES OF ) | |
| BRUNSWICK COUNTY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant Waste Industries of Brunswick County's ("WI") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5) and (6) [DE 7]. *Pro se* plaintiff never responded to the motion despite requesting [DE 15] and receiving [DE 16] an extension of time to file a response. The extended deadline for responding has expired and the motion is ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff initiated this action by filing a *pro se* complaint with the Court on December 16, 2013. Although it is unclear from the three-page, handwritten complaint exactly which law plaintiff is proceeding under, he has attached to the complaint a copy of the dismissal and notice of rights issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on his charge. This suggests he is proceeding based upon a law that the EEOC enforces. Given the allegations of race discrimination in the complaint, it is likely that plaintiff is proceeding under Title VII of the civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint alleging that it improperly names defendant and therefore service is insufficient because an entity other than that named in the summons has been served. Defendant further argues that plaintiff has failed to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Here, plaintiff has done nothing but recite legal conclusions of race discrimination. To establish a *prima facie* case of intentional discrimination on the terms and conditions of employment, an aggrieved employee must show, among other things, that he suffered an adverse employment action and that he was treated differently than a similarly situated, non-protected employee. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375–76 (4th Cir. 2004). There are simply no facts alleged in this case that suggest that plaintiff suffered any adverse

2

employment action or that WI treated him less favorably than a white employee who engaged in similar conduct.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.


SO ORDERED.

This the _23_ day of May, 2014.

                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE